**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| SOE LINDON, ) | |
| ) | CIVIL ACTION |
| PLAINTIFF, ) | FILE NO. |
| ) | **Jury Trial Demanded** |
| V. ) | |
| ) | |
| ASTORIA HOSPICE, LLC., ) | |
| ) | |
| DEFENDANT. ) | |

**PLAINTIFF SOE LINDON'S COMPLAINT**

Comes Now, Plaintiff Soe Lindon who files her Complaint against Defendant Astoria Hospice, LLC (hereafter "Defendant"), and alleges as follows:

**I.   Nature of Complaint**

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II.     JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 765 Bayliss Drive, Marietta, Georgia 30068, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Plaintiff has been employed by Defendant from approximately November 6, 2019 to June 29, 2020, at its facility at 8322 Office Park Drive, Suite D, Douglasville, Georgia 30134, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Plaintiff alleges violations of the FLSA in that (1) she was not paid for all time worked, (2) she was not paid overtime for work performed in excess of 40 hours in a single work week during parts of her employment, and (3) her

employment was terminated in retaliation for protected activity under the FLSA when she complained about not being paid for all time worked and not being paid overtime at 1 ½ time her Regular Rate of pay.  Plaintiff alleges that these violations of the FLSA occurred at 8322 Office Park Drive, Suite D, Douglasville, Georgia 30134, within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Northern District of Georgia, Atlanta Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III.   PARTIES AND FACTS

7.

Plaintiff was employed by Defendant from approximately November 6, 2019 to June 29, 2020, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph 7 of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid an hourly wage or $18.00 per hour as a Certified Nurse Assistant.

10.

During her employment, Plaintiff was entitled to minimum wage for all hours worked.

11.

During her employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times her Regular Rate of pay for hours in excess of 40 hours in a single work week.

12.

Plaintiff was required to report to work initially each work day at Defendant's location at 2720 Dogwood Drive, Conyers, Georgia 30013.

13.

Plaintiff's normal work day was from 7:00 a.m. to 4:00 p.m. each day.

14.

After reporting for work at the beginning of each day, Plaintiff was assigned to a work crew that was transported in Defendant's vehicle to remote job sites each day.

15.

Plaintiff did not punch or swipe a time clock or sign in or out at the beginning or end of each day, or at the beginning or end of any lunch breaks while employed by Defendant.

16.

On information and belief, Plaintiff's foreman reported Plaintiff's work time to a supervisor who then approved or adjusted the reported work time on which Plaintiff was paid.

17.

On some work days, Plaintiff and other members of her crew worked through lunch and did not take a meal break.

18.

Plaintiff's work time automatically and routinely did not pay him for a thirty-minute meal break.

19.

On those work days when Plaintiff and other members of her crew worked through lunch and did not take a meal break, Plaintiff was not paid for all time worked as required by the FLSA.

20.

Plaintiff's work time automatically and routinely reported that Plaintiff began her work day at 7:00 a.m.

21.

Plaintiff's work time automatically and routinely reported that Plaintiff began her work day at 7:00 a.m. even on days when Plaintiff was instructed by her foreman or a supervisor to report to work earlier for that day.

22.

Plaintiff's work time automatically and routinely reported that Plaintiff began her work day at 7:00 a.m. even on days when Plaintiff was instructed by her foreman or a supervisor to report to work earlier for that day, even when Defendant knew or should have known that Plaintiff was working prior to 7:00 a.m.

23.

Defendant did not keep accurate records of all time worked by Plaintiff.

24.

Defendant and Plaintiff entered a binding contract where Defendant agreed to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations regarding when meal and break periods and travel time are not paid time.  On some or all of these days when Plaintiff continued or resumed work during her 30-minute lunch period, and when Plaintiff's work before 7:00 a.m. or after 4:00 p.m., and for travel time back to another location or her home or the office;  such unpaid work was known or should have been known by supervisory level employees of Defendant. Plaintiff was not paid for all time worked at the agreed upon rate of hourly compensation with Defendant.

## COUNT I.
## VIOLATIONS OF THE FLSA.

25.

Plaintiff incorporates be reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

26.

Defendant's failure to pay Plaintiff for all time worked constitutes a violation of the minimum wage provisions of the FLSA.

27.

Defendant's failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the

proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

28.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

29.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statue of limitations to be applied to Defendant's violations is a three-year period.

## COUNT III.
## RETALIATION IN VIOLATION OF THE FLSA.

30.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

31.

Plaintiff complained to her supervisor that she was not paid for all time worked and not paid overtime at the required overtime rate of 1 ½ times her hourly rate.

32.

Plaintiff was told by her supervisor that the employer did not pay overtime.

33.

Plaintiff engaged in protect activity under the FLSA when Plaintiff asked about payment for all time work and overtime payment time worked over forty in a single work week.

34.

The termination of Plaintiff's employment was a retaliatory violation of the FLSA for Plaintiff's protected activity.

35.

Plaintiff is entitled to recover for Defendant's retaliatory termination of her employment including but not limited to back pay, loss of benefits, consequential damages due to the loss of benefits including health insurance, liquidated damages, attorney's fees and costs.

## COUNT III.
## BREACH OF CONTRACT.

36.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

37.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, and pre- and post-shift work including travel time back to 2720 Dogwood Dr., Conyers, Ga. 30013 from a remote worksite, constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations.

38.

Plaintiff is entitled to recover from Defendant breach of contract damages at her agreed hourly rate for all unpaid time that violate FLSA regulations.

**PRAYER FOR RELIEF**

39.

Wherefore, Plaintiff Soe Lindon requests a jury trial and damages in the form of (1) an award of award of back pay for interrupted lunch periods for Defendant's breach of contract, and (2) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, lost wages resulting from

her termination from employment, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this  2nd day of April, 2021.

*s/ Donald W. Benson*
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
*Attorneys for Plaintiff*